31470. TAYLOR *v.* THE STATE.

DECIDED JANUARY 23, 1947.

*Henry B. Sutton, McDonald & McDonald,* for plaintiff in error.
*Harvey L. Jay, Solicitor-General,* contra.

GARDNER, J. ■ General grounds: No conflict appearing in any of the material evidence, the question presented here is whether as a matter of law the evidence sustains the verdict. We have studied the facts very carefully and have reached the conclusion that either a verdict for murder, for voluntary manslaughter, or for justifiable homicide is sustainable under the evidence. While it is true that there was no eyewitness to the shooting, nevertheless we think that the whole facts and circumstances revealed by the record are sufficient to sustain the verdict of voluntary manslaughter. It is our duty in the consideration of a motion for a new trial to construe the evidence in the light most favorable to sustain it. In this view and since the trial judge approved the verdict, it is our opinion that it should be affirmed so far as the general grounds are concerned.

■ The three special grounds are so akin that we will deal with them together. They are as follows: "Ground 1. Because the court failed to charge the jury in said case as follows: 'Where the evidence relied upon by the State to establish the fact of the homicide discloses circumstances of mitigation or justification, such evidence does not raise a presumption of malice; and in such a case the burden does not devolve on the defendant to show such facts as would reduce the homicide from murder to manslaughter or justify it.'

"Ground 2: Because the court did not charge the jury as follows: 'If it appears, that the only evidence as to what actually transpired at the time the deceased was killed was statements made by the defendant and such statements of the defendant showed that he was justified in killing the deceased, then the burden would be upon the State to disprove such statements of the defendant beyond a reasonable doubt and to show that such killing was murder or manslaughter and was not justifiable homicide, and if the State fails to do this, then you would be authorized and it would be your duty to acquit the defendant.'

"Ground 3: Because the court erred in failing to charge the jury as follows: 'When it appears a killing has taken place and all the facts and circumstances surrounding such killing are shown by the State to have been justifiable homicide, then no presumption of

guilt would arise as to the defendant and you would not be authorized to convict the defendant.'"

The sole contention here is as to the shifting of the burden of proof. It will be observed from special ground 1 that the contention is that the evidence introduced by the State discloses circumstances of mitigation or justification and therefore the burden did not shift from the State to the defendant. In this connection it is contended that the evidence in the case disclosed the facts that all the circumstances of the killing were obtained from statements made by the defendant, which statements showed justification on the part of the defendant. Special grounds 2 and 3 are but attacks made on the omission of the court to charge the same principle of law, perhaps in a more elaborate manner from different angles. No written request was made. We are dealing with the case as though there had been. And we are dealing with the case so far as this phase of it is concerned as though the defendant had made no statement at all. But we are dealing with it under all the facts and circumstances surrounding the case as testified to by the witnesses. If in this view the State proved a homicide and the evidence showing such did not contain circumstances of mitigation or justification, the presumption is that the killing was murder, and the burden shifted to the defendant to prove he was justified. The Supreme Court, it would seem, has gone further than this. In the case of *Mann* v. *State*, 124 *Ga.* 760, 763 (53 S. E. 324, 4 L. R. A. (N. S.) 934), it is said: "Where the homicide is established by evidence some of which excludes any inference of alleviation, while mitigation may be inferred from some of the circumstances, it is proper to instruct the jury that the law presumes malice from the proof of the killing." In such a situation an issue is raised for the jury exclusively to determine whether the killing was with or without extenuating circumstances. In this connection it might be well to call attention to the fact that the jury are, in their discretion, unlimited as to whether they will believe the statement of the defendant as a whole or to reject it as a whole or to believe it in part or disbelieve it in part. As to the fact that there were no eyewitnesses to the homicide and that the statement of the defendant while admitting the homicide contained other statements which showed justification, we call attention to the case of *Williams* v. *State*, 71 *Ga. App.* 213 (30 S. E. 2d, 494).

Referring to the evidence, we see the deceased locking the front door of the pool room from the front, walking to the side near the back, and entering the pool room; the defendant a few moments later goes to the front door of the pool room, finds it locked, walks to the door the deceased entered, where he, the defendant, entered the pool room. There was no one else in the building. A few minutes after the defendant enters the pool room four shots are fired. The defendant walks out of the room with a pistol in his hand, which pistol contains four discharged cartridges. The sheriff, who was nearby, enters the pool room while the defendant is standing just outside the door with the pistol in his hand. Inside the pool room he finds the deceased sitting on a table, with his head slumped over, with four bullet holes in his head, a pistol lying on the floor under the feet of the deceased, and a bottle of whisky sitting on the pool table behind the deceased. The deceased died on the pool table. We think this evidence established the fact that the defendant killed the deceased. It established it without taking into consideration one word the defendant said and it was for the jury to say under all the facts and circumstances of the case, together with the defendant's statement, as to whether the defendant was justified. The statement of the defendant which he made to the sheriff as he was standing beside the door, that he took the life of the deceased in self-defense, was the issue which the jury tried. There was nothing in the evidence which we have related and which went to prove the homicide to show any justification or mitigation. That burden fell on the shoulders of the defendant because the law presumed in such a situation that he did the killing with malice. We might add here that even under the defendant's statement alone he is perhaps guilty of voluntary manslaughter under the principle of mutual combat. From this viewpoint even conceding that the court erred in failing to charge as contended in these special grounds, the omission became harmless, for he was acquitted of the charge of murder. In manslaughter, there is no malice.

If what we have said is the correct view, from the evidence, it necessarily follows that the evidence introduced by the State to prove the killing does not show mitigation or justification, then there is no merit in these three special grounds. We have studied the record in the light of the contentions of the defendant, and it

is our opinion that the court did not err in omitting to charge as contained in these three special grounds. It therefore follows that the court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*